UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Tony Hoyos Hernandez,** individually and on behalf of all others similarly situated

**Danis Romero,** individually and on behalf of all others similarly situated

**Greicel Avila Leyva,** individually and on behalf of all others similarly situated

<u>Plaintiff,</u>

v.

**KRISTI NOEM,** Secretary of the U.S. Department of Homeland Security, in her official capacity, 245 Murray Lane SW, Washington, DC 20528

**U.S. DEPARTMENT OF HOMELAND SECURITY,** 245 Murray Lane SW, Washington, DC 20528;

**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,** 500 12th St. SW, Washington, DC 20536;

**DONALD J. TRUMP,** President of the United States, in his official capacity, 1600 Pennsylvania Ave. NW, Washington, DC 20220; Defendants.

**ENFORCEMENT AND REMOVAL OPERATIONS (ERO); JOHN DOES 1–1000,** in their official and individual capacities,

<u>Defendants.</u>

Case: 1:25-cv-02344
Assigned To : Walton, Reggie B.
Assign. Date : 7/21/2025
Description: TRO/Prel. Inj. (D-DECK)

RECEIVED

JUL 2 1 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## INTRODUCTION

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs respectfully move this

Court to issue a Temporary Restraining Order (TRO) and Preliminary Injunction to prevent

Defendants from continuing unlawful enforcement actions—including detention, removal, and adjudicatory delays—based on misclassified or manipulated immigration records, including false application of INA § 236 instead of § 235 or § 287, which deprive Plaintiffs of their statutory and constitutional rights.

## INTRODUCTION

Plaintiffs are Cuban nationals who entered the United States and were subjected to DHS and ICE custody without formal charges or removal orders, and whose detention and release were processed in violation of statutory mandates under the Immigration and Nationality Act (INA). Plaintiffs were misclassified and released under INA § 236 via fabricated I-220A forms, despite being initially apprehended under § 235 or § 287. This misclassification was used to deny them parole, block eligibility for lawful status such as Cuban Adjustment Act relief, and expose them to ongoing risk of unlawful detention and removal without due process.

Absent injunctive relief, Plaintiffs face immediate, irreparable harm including risk of re-detention, loss of access to lawful immigration relief, psychological harm, and denial of adjudicatory rights under the Constitution and immigration statutes.

## LEGAL STANDARD

To obtain a TRO or preliminary injunction, a plaintiff must demonstrate:

1. A likelihood of success on the merits;
2. That they are likely to suffer irreparable harm in the absence of relief;
3. That the balance of equities tips in their favor; and
4. That an injunction is in the public interest.

   (*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

## ARGUMENT

**I. Plaintiffs Are Likely to Succeed on the Merits.**

As detailed in the Complaint, Defendants' conduct violates the Administrative Procedure Act (APA), the Due Process Clause of the Fifth Amendment, and binding immigration statutes under 8 U.S.C. §§ 1225, 1357, and 1182(d)(5). Misclassification under § 236 is legally erroneous where detention occurred without charging documents or Notice to Appear. Plaintiffs were entitled to be processed under § 235 or § 287 and considered for parole under § 212(d)(5). Defendants' actions are ultra vires, contrary to law, and arbitrary and capricious.

## II. Plaintiffs Face Irreparable Harm.

Without injunctive relief, Plaintiffs face imminent and unlawful detention or removal without lawful process. Additionally, they are being deprived of access to lawful immigration relief, including adjustment of status under the Cuban Adjustment Act—a statutory benefit Congress made available to eligible Cuban nationals. The resulting uncertainty and fear cause emotional, psychological, and health harms that cannot be undone by monetary relief. Courts have consistently recognized that unlawful immigration enforcement and deprivation of legal status constitute irreparable harm. (*Leiva-Perez v. Holder*, 640 F.3d 962, 969 (9th Cir. 2011)).

## III. The Balance of Equities Strongly Favors Plaintiffs.

The harms Plaintiffs face—detention, deportation, deprivation of due process—far outweigh any government interest in pursuing discretionary enforcement based on unlawfully fabricated documentation. The government suffers no harm from being required to follow the law.

## IV. Injunctive Relief Serves the Public Interest.

The public interest is always served by government compliance with statutory and constitutional mandates. Preventing unlawful detention, ensuring adjudication of benefits, and safeguarding due process reinforces faith in the rule of law and avoids unjust harm to vulnerable individuals.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court:

1. Issue a Temporary Restraining Order immediately enjoining Defendants from detaining or removing Plaintiffs based on I-220A documents or § 236 classifications that were not lawfully issued;

2. Order that adjudication of any immigration relief pending before USCIS or DHS resume without prejudice stemming from the misclassification;

3. Issue a Preliminary Injunction maintaining the above relief pending final adjudication of the claims.

A proposed order is submitted herewith.

**Respectfully submitted,**

*[signature]*

**Tony Hoyos Hernandez**

3129 W 72 Terra

Hialeah, Florida 33018

786-835-3240

tony.hoyos8789@gmail.com

**Dated:** June 23, 2025

*[signature]*

**Danis Ely Romero Hernández**

3 Hemlock Radial Pass Unit 1

Ocala, Florida 34472

352-890-4356

danisely26@gmail.com

*[signature]*

**Greicel Avila Leyva0628**

1961 Golden Gate Blvd E

Naples, FL 34120

239-784-3389

avilagreicel@gmail.com