UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Tony Hoyos Hernandez,**<br>**Danis Romero,**<br>**Greicel Avila Leyva,**<br>***Plaintiffs,***<br>**v.**<br>**Kristi Noem, et al.,**<br>***Defendants.*** | Civil Action No. 25-2344 (RBW) |

# FIRST AMENDED COMPLAINT AND PETITION FOR WRIT OF MANDAMUS AND TEMPORARY RESTRAINING ORDER (TRO), AND DECLARATORY RELIEF

Plaintiffs submit this First Amended Complaint and Petition for Writ of Mandamus, Temporary Restraining Order (TRO), and Declaratory Relief pursuant to 28 U.S.C. §§ 1331, 1361, 1651, 2201–2202, and 5 U.S.C. §§ 702, 704, and 706. This amended pleading is filed to correct the statutory and procedural defects identified in Defendants' filings, to state clearly the mandatory duties that Defendants unlawfully withheld, and to seek judicial intervention to prevent irreparable harm resulting from Defendants' continued violations of federal law.

This action seeks declaratory, mandamus, and injunctive relief—including a Temporary Restraining Order (TRO)—to compel the Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), and U.S. Citizenship and Immigration Services (USCIS) to comply with the mandatory statutory framework established by the Immigration and Nationality Act (INA) and the procedural protections guaranteed by the Fifth Amendment.

RECEIVED
Mailroom
DEC - 4 2025
Angela D. Caesar, Clerk of Clerk
U.S. District Court District of Columbia

Under the plain text of the INA, individuals encountered at or near the border without admission must be processed exclusively under INA § 235, which authorizes only two lawful outcomes:

(1) continued detention pending inspection under § 235(b); or

(2) release only through parole under § 212(d)(5)(A).

Congress did not grant DHS discretion to apply INA § 236(a)—a statute that applies solely to noncitizens already lawfully admitted or arrested within the interior on a warrant—to individuals who are applicants for admission under § 235(a)(1).

Despite this mandatory statutory structure, DHS and ICE processed and released Plaintiffs under § 236(a)(2)(B) using Form I-220A. This action was ultra vires, legally impossible, and directly contrary to Congress's design. The Supreme Court has drawn a bright-line distinction between § 235 (arriving applicants for admission) and § 236 (admitted or interior-arrest aliens). *Jennings v. Rodriguez*, 583 U.S. 281, 294–95 (2018); *Demore v. Kim*, 538 U.S. 510, 513 (2003).

By bypassing § 235(b) and failing to perform the mandatory parole determination required by § 212(d)(5)(A), Defendants created immigration records that are defective, incomplete, and legally invalid. USCIS, relying on these unlawful records, has denied or withheld action on Plaintiffs' applications under the Cuban Adjustment Act, thereby depriving Plaintiffs of a constitutionally protected property interest in the adjudication of their paid immigration applications. Such actions violate 5 U.S.C. § 706(1) (unlawfully withheld agency action), § 706(2)(A) (arbitrary and capricious action), and the Due Process Clause of the Fifth Amendment.

Through this First Amended Complaint and Petition for Writ of Mandamus, Plaintiffs respectfully seek:

1. Declaratory Relief recognizing that DHS and ICE violated the INA by processing and releasing § 235(b) applicants under § 236(a), and declaring that Plaintiffs must be classified in accordance with the statutory framework Congress mandated;
2. A Temporary Restraining Order (TRO) and Preliminary Injunction preventing Defendants from issuing denials, arrests, detentions, or adverse actions based on the defective § 236(a) records while this case is pending; and
3. A Writ of Mandamus compelling DHS, ICE, and USCIS to perform their nondiscretionary statutory duties, including:

   (a) correcting Plaintiffs' custody classification under § 235(b);

   (b) issuing the lawful documentation required by § 212(d)(5)(A) for a release under § 235(b); and

   (c) adjudicating Plaintiffs' pending Cuban Adjustment Act applications based solely on corrected, lawful records.

This case presents a fundamental legal and constitutional question: whether the Executive Branch may disregard mandatory statutory classifications, bypass required procedures and thereby deprive individuals of rights granted expressly by Congress. Judicial intervention is necessary to enforce the rule of law, preserve separation of powers, and prevent ongoing statutory and constitutional violations affecting not only the Plaintiffs but thousands of similarly situated individuals.

## JURISDICTION AND VENUE

1. This action arises under 28 U.S.C. § 1361 (Mandamus Act), which grants this Court original jurisdiction to compel an officer or employee of the United States, or any agency thereof, to perform a clear, nondiscretionary duty owed to the Plaintiffs.

2. This action is brought pursuant to the Administrative Procedure Act (APA), 5 U.S.C. §§ 702, 704, and 706, which authorize judicial review of final agency action and allow the Court to compel agency action unlawfully withheld or unreasonably delayed (§ 706(1)) and to set aside agency action that is arbitrary, capricious, or contrary to law (§ 706(2)).

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution, laws, and treaties of the United States, including the INA, the APA, and the Due Process Clause of the Fifth Amendment.

4. This Court also has authority under 28 U.S.C. § 1651 (All Writs Act) to issue all writs necessary or appropriate in aid of its jurisdiction, including temporary injunctive relief to preserve the status quo and prevent irreparable harm.

5. Declaratory relief is authorized under 28 U.S.C. §§ 2201–2202, as an actual and substantial controversy exists between the parties concerning Defendants' statutory and constitutional obligations.

6. Venue is proper in this District under 28 U.S.C. § 1391(e)(1) because Defendants are United States agencies or officials acting in their official capacities, reside in this District, and a substantial part of the events or omissions giving rise to this action occurred within this District.

7. Sovereign immunity is waived under 5 U.S.C. § 702 for actions seeking equitable, mandamus, or declaratory relief against federal agencies and officials acting in their official capacities.

8. Plaintiffs have no adequate remedy in any other forum, and judicial review is proper under 5 U.S.C. § 704 because Defendants' actions and failures to act constitute final agency action or repeated refusals to act in the face of a clear statutory duty.

## PARTIES

1. **Plaintiff Tony Hoyos Hernandez** is a Cuban national residing in the United States who was apprehended and processed as an *arriving alien* under INA § 235(b), but was improperly released under INA § 236(a) through Form I-220A, a classification that is legally unavailable to individuals processed under § 235(b). He has a properly filed and pending application for adjustment of status under the Cuban Adjustment Act ("CAA"), creating a protected statutory and property interest in its adjudication.

2. **Plaintiff Danis Romero** is a Cuban national who was likewise apprehended and processed under INA § 235(b), but then misclassified and released under INA § 236(a) using Form I-220A. He has a pending Cuban Adjustment Act application whose adjudication has been obstructed due to the government's unlawful custody classification.

3. **Plaintiff Greicel Avila Leyva** is a Cuban national who, like the other Plaintiffs, was processed under INA § 235(b) as an arriving alien, but was incorrectly designated under INA § 236(a) and released on Form I-220A. He also has a pending CAA adjustment application whose adjudication has been unlawfully withheld.

4. **Defendant U.S. Department of Homeland Security (DHS)** is the federal agency responsible for implementing and enforcing federal immigration law, including detention authority under INA §§ 235 and 236.

5. **Defendant U.S. Immigration and Customs Enforcement (ICE)** is a component of DHS responsible for arrest, detention, processing, custody classification, and release of noncitizens under the INA.

6. **Defendant U.S. Citizenship and Immigration Services (USCIS)** is a component of DHS responsible for adjudicating applications for immigration benefits, including

Form I-485 under the Cuban Adjustment Act. USCIS has a non-discretionary duty to adjudicate properly filed applications.

7. **Defendant Kristi Noem**, Secretary of Homeland Security, and all other federal officials named in this action, are sued in their official capacities for failure to perform non-discretionary duties under federal law, including: (1) properly classifying § 235(b) arrivals; (2) correcting erroneous custody classifications; and (3) adjudicating pending adjustment applications.

## LEGAL FRAMEWORK

8. INA § 236(a) (8 U.S.C. § 1226(a)) – Detention Authority for Admitted or Present Aliens

   INA § 236(a) authorizes DHS to arrest and detain an alien pending removal proceedings, and to release such individuals on bond or recognizance, including through Form I-220A.

   This provision applies solely to individuals who have been admitted into the United States or who are present in the interior after entry. It does not apply to individuals processed as "arriving aliens" under INA § 235(b).

   Accordingly, DHS lacks statutory authority to classify applicants for admission under § 235(b) as if they were § 236(a) detainees. Any such classification is contrary to the statutory framework enacted by Congress and constitutes ultra vires agency action.

9. INA § 235(b) (8 U.S.C. § 1225(b)) – Mandatory Framework for Arriving Aliens

   INA § 235(b) governs the inspection and detention of individuals encountered at or near the border who have not been admitted.

   Under § 235(b)(1) and (b)(2), such individuals must remain detained during inspection and processing, and may be released only through parole under INA §

212(d)(5)(A). DHS has no statutory authority to substitute § 236(a) detention or release mechanisms for individuals who fall under § 235(b).

DHS therefore acted outside its statutory authority when it processed and released Plaintiffs under § 236(a).

10. INA § 212(d)(5)(A) (8 U.S.C. § 1182(d)(5)(A)) – Exclusive Basis for Release of § 235(b) Arrivals

INA § 212(d)(5)(A) is the exclusive statutory authority for the release of an individual detained under § 235(b). Parole may be granted only for urgent humanitarian reasons or significant public benefit, and must be determined at the time of release from § 235 detention.

The use of Form I-220A under § 236(a) does not satisfy this statutory requirement and constitutes unlawful withholding of the mandatory parole determination required under § 212(d)(5)(A).

11. INA § 101(a)(13)(A) (8 U.S.C. § 1101(a)(13)(A)) – Definition of "Admission"

INA § 101(a)(13)(A) defines "admission" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer."

This statutory definition cannot be expanded or altered through administrative misclassification. The use of § 236(a) authority over § 235(b) arrivals does not create lawful admission. Instead, it results in incorrect and unlawful records that must be corrected through mandamus and declaratory relief.

12. Jennings v. Rodriguez, 583 U.S. 281 (2018)

In Jennings, the Supreme Court held that INA § 235(b) governs individuals seeking admission at the border, while § 236 applies to individuals already present in the United States after admission.

By assigning § 236(a) custody classifications to individuals who were processed

under § 235(b), DHS acted contrary to the statutory distinction identified by the Supreme Court. Such conduct constitutes agency action "not in accordance with law" under the APA, 5 U.S.C. § 706(2)(A).

13. Demore v. Kim, 538 U.S. 510 (2003)

The Supreme Court reaffirmed that § 236 governs the detention of deportable aliens—individuals who were previously admitted into the United States—but does not apply to applicants for admission processed under § 235.

Invoking § 236(a) authority in the context of § 235(b) arrivals is inconsistent with binding Supreme Court precedent and is unlawful.

14. 8 C.F.R. § 236.1(a) – Implementing Regulation

The implementing regulation provides that § 236 applies to individuals who have been arrested and taken into custody pursuant to a warrant of arrest after entry into the United States.

Plaintiffs were never admitted into the United States nor arrested pursuant to a warrant following admission. Therefore, ICE's use of § 236(a) authority and issuance of Form I-220A was beyond its statutory authority, ultra vires, and void.

## STATEMENT OF FACT

(Prepared in accordance with the requirements of the Federal Pro Se Handbook)

15. The following facts are stated in numbered paragraphs as required by the Federal Pro Se Handbook. These facts explain how Defendants processed Plaintiffs in violation of statutory procedures and how Plaintiffs suffered concrete injury as a result. Any documents referenced herein are attached as Exhibits.

## DHS Failed to Classify Plaintiffs as "Applicants for Admission" Under § 235(a)(1)

16. Under INA § 235(a)(1), 8 U.S.C. § 1225(a)(1), any noncitizen who arrives in the United States without prior admission must be classified as an "applicant for admission."
17. Plaintiffs arrived at the southern border without prior admission and were, by statute, applicants for admission.
18. DHS officers did not classify Plaintiffs under § 235(a)(1) at the time of encounter.
19. The lack of proper classification affected every subsequent custody and processing decision made by DHS.

## DHS Did Not Apply the Mandatory Detention-and-Parole Framework of § 235(b)

20. Once an individual is an applicant for admission, INA § 235(b) requires DHS to detain the individual pending inspection unless DHS conducts a parole determination under § 212(d)(5)(A).
21. DHS did not conduct any parole determination for any Plaintiff.
22. DHS did not evaluate urgent humanitarian reasons or significant public benefit for any Plaintiff, did not issue any written parole decision, and did not document any parole-related findings.
23. DHS released Plaintiffs without performing the parole evaluation required at the time of encounter.

## DHS Released Plaintiffs Using an Improper Statutory Mechanism

24. DHS physically released all three Plaintiffs.
25. Plaintiffs do not challenge the fact of release.
26. However, DHS did not issue any documentation of parole under § 212(d)(5)(A).
27. Instead, DHS issued Form I-220A and processed Plaintiffs under INA § 236(a), 8 U.S.C. § 1226(a).
28. INA § 236(a) applies only to individuals who have already been admitted or who are arrested pursuant to a warrant after entry into the United States.
29. Plaintiffs were neither admitted nor arrested pursuant to a warrant at the time of encounter.

## DHS Attempted to Justify Its Actions Using Warrants Issued After Release

30. In sworn declarations filed by Defendants, DHS officers stated that Plaintiffs were detained "pursuant to a warrant."
31. Exhibits A–C show that Form I-200 warrants were issued after Plaintiffs had already been released.
32. In some cases, the warrants were issued several days after Plaintiffs' release.
33. Because the warrants did not exist at the time of encounter, they did not and could not justify processing Plaintiffs under § 236(a).

## DHS Created Defective and Incomplete Administrative Records

34. DHS did not perform the mandatory parole determination and instead used § 236(a), resulting in administrative records that are incomplete and inconsistent.

35. The records do not contain the parole documentation required for a lawful release under § 235(b).

36. USCIS has delayed or refused adjudication of Plaintiffs' Cuban Adjustment Act applications because the required initial custody and parole documentation does not exist.

37. Plaintiffs have suffered ongoing harm as a result, including:

- inability to adjust status;
- loss of statutory benefits;
- continued legal uncertainty;
- risk of adverse action based on incorrect records.

## DHS Cannot Perform a Parole Determination Retroactively

38. Plaintiffs do not request that DHS grant parole now.

39. DHS released Plaintiffs without conducting the required parole evaluation at the time of encounter.

40. Because the parole evaluation must occur at the time of release, DHS cannot retroactively perform the process that the statute required.

41. Plaintiffs have not received the documentation that must accompany a lawful release under INA § 235(b).

42. Plaintiffs continue to lack the documentation required for USCIS to properly adjudicate their applications.

## Judicial Intervention Is Necessary to Correct the Record

43. DHS failed to classify Plaintiffs as applicants for admission under § 235(a)(1).

44. DHS did not apply § 235(b) or conduct the parole determination required at the time of encounter.

45. DHS processed Plaintiffs under a statute that did not apply to them and issued documentation inconsistent with their statutory classification.

46. DHS relied on warrants issued after release to justify earlier custody decisions.

47. DHS created defective administrative records that prevent USCIS from adjudicating Plaintiffs' Cuban Adjustment Act applications.

## CLAIMS

Prepared in accordance with the Federal Pro Se Handbook requirement that each claim identify the specific law violated and contain a short and plain explanation of how each Defendant violated that law

### CLAIM 1 – Mandamus (Failure to Perform a Clear, Nondiscretionary Duty) (28 U.S.C. § 1361)

48. Plaintiffs incorporate by reference all facts stated in the Statement of Facts.

49. Under INA § 235(b) and INA § 212(d)(5)(A), Defendants DHS and ICE were required to perform specific, mandatory, and nondiscretionary duties at the time of encounter, including conducting the parole determination required by Congress and issuing the proper documentation that must accompany any lawful release of applicants for admission.

50. These duties are ministerial, not discretionary. A duty is ministerial when "the duty in a particular situation is so plainly prescribed as to be free from doubt and equivalent to a positive command." Wilbur v. United States, 281 U.S. 206, 218 (1930); Decatur v. Paulding, 39 U.S. (1 Pet.) 496 (1840).

51. DHS did not perform the mandatory parole determination at the moment of encounter. Because the statute requires this evaluation at the time of release, DHS irreversibly forfeited and renounced any discretion it might otherwise have possessed. A discretionary decision that is never made cannot be exercised retroactively. United States ex rel. Alaska Smokeless Coal Co. v. Lane, 250 U.S. 549, 555 (1919).

52. Plaintiffs have a clear and indisputable right to the statutory documentation required by Congress for a lawful release under § 235(b), including the parole-related documentation mandated by INA § 212(d)(5)(A). LaBuy v. Howes Leather Co., 352 U.S. 249 (1957).

53. Defendants have refused and failed to issue the documentation required for Plaintiffs' lawful custody classification, leaving Plaintiffs with defective, incomplete, and contradictory administrative records.

54. Plaintiffs have no other adequate remedy. No administrative mechanism exists for DHS or USCIS to retroactively correct a statutorily defective release; USCIS cannot adjudicate Cuban Adjustment Act applications without the required § 235(b)/§ 212(d)(5)(A) documentation; and the harm to Plaintiffs continues. Mandamus is appropriate where no other remedy exists. Carter v. Seamans, 411 F.2d 767 (5th Cir. 1969); United States ex rel. Girard Trust Co. v. Helvering, 301 U.S. 540 (1937).

55. Defendants' failure to comply with the mandatory statutory framework is unlawful, ultra vires, and constitutes a refusal to perform a clear statutory duty enforceable under 28 U.S.C. § 1361.

56. Because the duty is clear, nondiscretionary, and unlawfully unperformed—and because Plaintiffs have no other avenue for relief—a writ of mandamus is

necessary and appropriate to compel Defendants to perform the required ministerial duty and issue the documentation mandated by INA § 235(b) and INA § 212(d)(5)(A). Schlagenhauf v. Holder, 379 U.S. 104 (1964).

**CLAIM 2 – Unlawfully Withheld Agency Action**
**(Administrative Procedure Act – 5 U.S.C. § 706(1))**

57. Plaintiffs incorporate by reference all facts stated in the Statement of Facts and the preceding Claim.

58. Under INA § 235(b) and § 212(d)(5)(A), Defendants DHS and ICE were required to conduct a parole determination at the time of encounter for each Plaintiff and to document that determination as part of the required release process for applicants for admission.

59. DHS and ICE released Plaintiffs without performing the required parole evaluation, without making any findings under § 212(d)(5)(A), and without issuing any parole documentation.

60. The parole determination required by statute cannot be conducted retroactively, and Defendants have failed to complete the mandatory action Congress required at the time of release.

61. Because the required action was not performed, and because Defendants continue to withhold the documentation required by statute, Plaintiffs' records remain defective and incomplete.

62. Defendants' failure to take this required action constitutes agency action unlawfully withheld within the meaning of 5 U.S.C. § 706(1).

63. Plaintiffs have suffered concrete injury as a result of Defendants' unlawful withholding, including USCIS's inability to adjudicate their immigration applications due to missing statutory documentation.

**CLAIM 3 – Action in Excess of Statutory Authority**
**(Administrative Procedure Act – 5 U.S.C. § 706(2)(C))**

64. Plaintiffs incorporate by reference all facts stated in the Statement of Facts and preceding Claims.

65. INA § 236(a) applies only to individuals who have been admitted into the United States or who have been arrested in the interior of the United States pursuant to a warrant.

66. Plaintiffs were apprehended at the border as applicants for admission and therefore fell exclusively under INA § 235(b).

67. Defendants DHS and ICE processed and released Plaintiffs under INA § 236(a), issued Form I-220A, and relied on warrants issued after the release to justify the use of § 236(a).

68. Because Plaintiffs did not fall within the statutory scope of § 236(a), Defendants acted outside their statutory jurisdiction and authority when they processed Plaintiffs under § 236(a).

69. Agency action taken outside statutory authority is invalid under 5 U.S.C. § 706(2)(C).

70. Plaintiffs have suffered ongoing harm as a result of Defendants' actions in excess of statutory authority, including the inability to obtain lawful adjudication of their immigration benefits.

**CLAIM 4 – Arbitrary and Capricious Agency Action**
**(Administrative Procedure Act – 5 U.S.C. § 706(2)(A))**

71. Plaintiffs incorporate by reference all facts stated in the Statement of Facts and preceding Claims.

72. Defendants DHS and ICE ignored the mandatory statutory procedures governing applicants for admission under INA § 235(b) and instead applied an inapplicable statute, INA § 236(a).

73. Defendants relied on warrants issued after Plaintiffs were released to justify earlier custody classifications, despite the fact that the warrants did not exist at the time of encounter.

74. Defendants failed to conduct the mandatory parole determination required under § 212(d)(5)(A) and failed to document any statutory basis for Plaintiffs' release.

75. Defendants created defective, incomplete, and contradictory administrative records that do not comply with the statutory framework Congress mandated.

76. These actions were arbitrary, capricious, an abuse of discretion, and not in accordance with law, in violation of 5 U.S.C. § 706(2)(A).

77. Plaintiffs have suffered ongoing harm as a direct result of Defendants' arbitrary and capricious conduct.

**CLAIM 5 – Violation of the Fifth Amendment (Due Process Clause)**

78. Plaintiffs incorporate by reference all facts stated in the Statement of Facts and preceding Claims.

79. Plaintiffs have statutory rights to be processed under the correct statutory framework, to receive the required documentation for a lawful release, and to have their immigration applications adjudicated based on accurate, lawful records.

80. Defendants DHS and ICE violated these rights by misclassifying Plaintiffs, bypassing mandatory statutory procedures, and issuing documentation inconsistent with the statutory requirements for applicants for admission.

81. USCIS relied on these defective records and has refused or delayed adjudicating Plaintiffs' Cuban Adjustment Act applications, depriving Plaintiffs of statutory benefits and opportunities.

82. Defendants' actions deprived Plaintiffs of protected liberty and property interests without due process of law.

83. Defendants' conduct violates the Due Process Clause of the Fifth Amendment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

1. Issue a Temporary Restraining Order (TRO) under Federal Rule of Civil Procedure 65, preserving the status quo and prohibiting Defendants from taking any enforcement, detention, or removal actions against Plaintiffs based upon the unlawful classifications and records described herein.

2. Issue a Writ of Mandamus under 28 U.S.C. § 1361 and the All Writs Act, 28 U.S.C. § 1651, compelling Defendants Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), and U.S. Citizenship and Immigration Services (USCIS) to:

   a. Correct Plaintiffs' custody and entry records to reflect processing under INA § 235(b) and to issue the parole documentation required by 8 U.S.C. § 1182(d)(5)(A);

   b. Remove all references to INA § 236(a) and Form I-220A from Plaintiffs' records, as such classifications were ultra vires and contrary to law;

   c. Adjudicate Plaintiffs' pending or denied applications for adjustment of status under the Cuban Adjustment Act in accordance with the statutory requirements of the INA and the Constitution; and

d. Cease the use of any policy, memorandum, or internal practice that conflicts with the mandatory statutory framework governing applicants for admission under INA § 235(b).

3. Declare that Defendants' actions and omissions described in this Complaint violate the Administrative Procedure Act (5 U.S.C. § 706(1)–(2)), the Mandamus Act (28 U.S.C. § 1361), and the Due Process Clause of the Fifth Amendment.
4. Grant preliminary and permanent injunctive relief as necessary to ensure full compliance with the INA, the APA, and the Constitution, and to prevent further harm to Plaintiffs arising from unlawful custody classification, recordkeeping, or denial of statutory benefits.
5. Award Plaintiffs their reasonable costs and any other relief that this Court deems just and proper in the interests of justice and lawful governance.

Respectfully submitted,

**Tony Hoyos Hernández**

3129 W 72 Terra

Hialeah, FL 33018
Tel.: (786) 835-3240
tony.hoyos8789@gmail.com

**Danis Ely Romero Hernández**

3 Hemlock Radial Pass, Unit 1

Ocala, FL 34472
Tel.: (352) 890-4356
danisely26@gmail.com

**Greicel Ávila-Leyva**

1961 Golden Gate Blvd E

Naples, FL 34120
Tel.: (239) 784-3389
avilagreicel@gmail.com